# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

JEFF AND ROBYN YALIAN, )
)
    Plaintiffs, ) **Case No.:**
)
    v. ) **COMPLAINT AND DEMAND FOR JURY TRIAL**
)
EOS CCA, )
) **(Unlawful Debt Collection Practices)**
)
    Defendant )

    JEFF AND ROBYN YALIAN ("Plaintiffs"), by and through their attorneys, KIMMEL & SILVERMAN, P.C., allege the following against EOS CCA ("Defendant"):

## INTRODUCTION

    1.    Plaintiffs' Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

    2.    Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant has its principal office and conducts business in the Commonwealth of Massachusetts, and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. §§1391(b)(1) and (2).

## PARTIES

5. Plaintiffs are natural persons residing in Clinton, Massachusetts 01510.

6. Plaintiffs are each a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

7. In the alternative, Plaintiffs are each a person granted a cause of action under the FDCPA. See 15 U.S.C. §1692k(a), and Wenrich v. Cole, 2000 U.S. Dist. LEXIS 18687 (E.D. Pa. Dec. 22, 2000).

8. Defendant is a national debt collection company with its corporate headquarters located at 700 Longwater Drive, Norwell, Massachusetts 02061.

9. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiffs in an attempt to collect a debt.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. At all relevant times, Defendant contacted Plaintiffs in its attempts to

collect a consumer debt.

12. The alleged debt, medical co-pays, arose out of transactions which were primarily for personal, family, or household purposes.

13. By way of background, on or about September 23, 2011, Plaintiffs sent Defendant written correspondence advising that they disputed owing the alleged debt and to cease communicating with them.

14. Defendant received Plaintiffs' written cease and desist letter on September 24, 2011.

15. Initially, Defendant abided by Plaintiffs' written instructions and stopped contacting them.

16. However, beginning in February 2013, Defendant resumed repeatedly and continuously contacted Plaintiffs on their home telephone in its attempts to collect a consumer debt.

17. Defendant contacted Plaintiffs, on average, one (1) to two (2) times a day.

18. For example, Defendant called Plaintiffs on February 12, 2013, at 5:36 p.m. and 5:37 p.m.

19. Plaintiffs knew it was Defendant calling, as they could see its number of their caller id, and when they would answer the phone, Defendant's collectors identified themselves as "EOS CCA."

20. In its conversations with Plaintiffs, Defendant demanded payment for unpaid co-pays for Plaintiffs' child's visits to a pediatrician for University of Massachusetts Memorial as well as co-pays for his medical visits.

21. Plaintiffs disputed owing the alleged debt, explaining that they always paid the co-pays associated with their child's visits to the pediatrician as well as their own medical visits.

22. Plaintiffs requested that Defendant stop calling their home telephone.

23. In response, Defendant's collector responded that they (Defendant) "would only stop if [Plaintiffs] sent them a written request to stop calling."

24. Upon information and belief, at no time did Defendant contact the entity that placed the account with them for collection to obtain additional information regarding the alleged debt.

25. Upon information and belief, at no time did Defendant investigate Plaintiffs' assertions that the debt was paid.

26. Despite knowing that Plaintiffs did not want to receive Defendant's calls, Defendant never updated its records to remove Plaintiffs' phone number from its call logs.

27. Rather, Defendant persisted in calling Plaintiffs in its attempts to collect a debt.

28. Upon information and belief, Defendant did not possess any

information to contradict Plaintiffs' notification that there was no debt.

29. By continuously calling over a debt Plaintiffs did not owe, and failing to update its records to avoid the further harassment of them, Defendant engaged in conduct which as the natural consequences of harassing the recipient.

30. Upon information and belief, information was readily available to Defendant, and/or was available to the entity that placed the account with Defendant for collection, that confirmed Plaintiffs contention that they did not owe a debt.

31. The repetitive calls to Plaintiffs were harassing, aggravating and highly intrusive.

32. Plaintiffs have spent time and effort dealing with these calls and trying to stop the collection calls to them for a debt that they did not owe.

**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

**COUNT I**

33. Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. §§1692c(a)(1) and 1692c(c).

    a. A debt collector violates §1692c(a)(1) of the FDCPA by communicating with a consumer at an unusual time or place or a time or place known or which should be known to be

        inconvenient, and shall assume that the convenient time for communicating with a consumer is after 8:00 a.m. and before 9:00 p.m.

    b. A debt collector violates §1692c(c) of the FDCPA when a consumer notifies it in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector cease further communication with the consumer, and the debt collector continues to communicate with the consumer.

    c. Here, Defendant violated §1692c(a)(1) of the FDCPA when it called Plaintiffs after having been told to stop calling them.

    d. Further, Defendant violated §1692c(c) by contacting Plaintiffs after having been advised in writing to cease calling them.

## COUNT II

34. Defendant's conduct, detailed in the preceding paragraphs, violated 15 U.S.C. §§1692d and 1692d(5).

    a. Section 1692d of the FDCPA prohibits a debt collector from engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

    b. Section 1692d(5) of the FDCPA prohibits debt collectors from

      causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass any person at the called number.

    c. Here, Defendant violated §§1692d and 1692d(5) of the FDCPA when it called Plaintiffs multiple times a day and on numerous days a week about a debt that they did not owe.

## COUNT III

35. Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. §§1692e and 1692e(2)(A) of the FDCPA.

    a. A debt collector violates §1692e of the FDPCA by using false, deceptive, or misleading representations or means in connection with the collection of any debt.

    b. A debt collector violates §1692e(2)(A) of the FDCPA by falsely representing the character, amount or legal status of any debt.

    c. Here, Defendant violated §§1692e and 1692e(2)(A) of the FDCPA by falsely representing the character and amount of a debt, in that Plaintiffs did not owe a debt.

## COUNT IV

36. Defendant's conduct, as detailed in the preceding paragraphs, violated

15 U.S.C. §§1692f and 1692f(1) of the FDCPA.

    a.    Section 1692f of the FDCPA prohibits a debt collector from using unfair or unconscionable means to collect or attempt to collect any debt.

    b.    A debt collector violates §1692f(1) of the FDCPA by collecting an amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law

    b.    Here, Defendant violated §§1692f and 1692f(1) of the FDPCA by failing to update its records to avoid the further harassment of Plaintiffs and trying to collect an amount that Plaintiffs did not owe.

WHEREFORE, Plaintiffs, JEFF AND ROBYN YALIAN, respectfully pray for a judgment as follows:

    a.    All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b.    Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiffs pursuant to 15 U.S.C. §1693k(a)(3); and

d. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiffs, JEFF AND ROBYN YALIAN, demand a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED: 06/14/2013          KIMMEL & SILVERMAN, P.C.

By: */s/ Craig Thor Kimmel*
CRAIG THOR KIMMEL
BBO# 662924
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888 ext. 148
Fax: (877) 788-2864
Email: kimmel@creditlaw.com